NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0017n.06

Case No. 22-3411

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DUANE RAY, | ) | **FILED**<br>Jan 10, 2023<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| FIFTH THIRD BANK, N.A. and FIFTH THIRD BANK INSURANCE AGENCY, INC., | ) | |
| Defendants-Appellants. | ) | OPINION |
| | ) | |

Before: BATCHELDER, STRANCH, and DAVIS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Duane Ray sued Foundation Risk Partners (FRP), Fifth Third Bank, N.A. ("the Bank"), and Fifth Third Insurance Agency (FTI). FRP moved for a preliminary injunction to enforce a non-compete agreement against Ray, but the district court denied it. *Ray v. Fifth Third Bank, N.A.*, No. 1:21-cv-76, 2022 WL 974341 (S.D. Ohio, Mar. 31, 2022). FRP appealed that order (No. 22-3387). Neither the Bank nor FTI joined that motion or that appeal, nor did either the Bank or FTI claim any injury from Ray's alleged violation of the non-compete agreement. Nonetheless, the Bank and FTI filed this separate interlocutory appeal, challenging the denial of FRP's motion for a preliminary injunction.

Specifically, the Bank and FTI claim that "notwithstanding that they did not seek injunctive relief," 28 U.S.C. §1292(a)(1) entitles them to an interlocutory appeal because they have "a significant stake in the judicial determination as to [their] rights under the [employment contract] and the scope of the assets [they] sold to FRP in the [sales contract]." Reply Br. at 4. They rely

on *City of Cleveland v. Ohio*, 508 F.3d 827 (6th Cir. 2007), and *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 869 (6th Cir. 2015). But that reliance is misplaced.

In *Pedreira*, we allowed that "a party to the case can appeal any *final* judgment . . . that imposes 'some detriment' on the party." *Pedreira*, 802 F.3d at 869 (emphasis added) (quoting *Vanguards of Cleveland v. City of Cleveland*, 753 F.2d 479, 484 (6th Cir. 1985)). But we do not have a *final* judgment here; this is an interlocutory order denying a preliminary injunction. "The purpose of a preliminary injunction, unlike a permanent one, is to 'prevent any violation of the [movant]'s rights before the district court enters a final judgment,'" so appellate standing "depends [at least in part] on whether our decision would have any 'practical effect' during that window of time"; i.e., before the entry of final judgment. *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc) (quoting *Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020)).

In the order underlying this appeal, the district court determined that FRP had not shown a substantial likelihood that FTI had properly assigned the employment contract to FRP in accordance with the assignment provision, but that is not a final (appealable) judgment on the merits of that issue. That is merely conclusive on the request for the preliminary injunction. Thus, the Bank and FTI claim, at most, a stake in the *final* judgment, which remains pending.

In *City of Cleveland*, 508 F.3d at 836-37, which was—like *Pedreira*—an appeal from a *final* judgment, we found appellate standing for peripheral parties with "a sufficient stake in the outcome of the case," in contrast to cases in which appellants "were not personally aggrieved by the judgment under appeal and did not seek to protect their own interests." This appeal falls into that latter category; the Bank and FTI were not personally aggrieved by the denial of the preliminary injunction, which sought to protect only FRP's interest in the non-compete agreement.

Because the Bank and FTI lack standing to appeal, we DISMISS.

2